### IN THE UNITED STATES DISTRICT COURT

### FOR THE DISTRICT OF NEW MEXICO

**JEREMIAS SILVA.,**

      Plaintiff,

**vs.**                            **No. CIV 98-579 JC/LCS**

**AMERICAN FEDERATION OF STATE**
**COUNTY, AND MUNICIPAL EMPLOYEES,**
**a national labor union, et al.,**

      Defendants.

### MEMORANDUM OPINION AND ORDER

**THIS MATTER** comes before the Court on Plaintiff's Motion to Disqualify Opposing Counsel, filed on July 8, 1998.  The Court, having considered the pleadings, the memoranda of law submitted by the parties, the oral arguments of counsel and the applicable law, finds that the Motion is not well taken and it will be denied.[1]

Plaintiff  Jeremias Silva ("Silva") was an officer of the Defendant American Federation of State County and Municipal Employees ("the Union") from 1988 until he was terminated in 1998. In 1994 an ex-employee sued both the Union and Silva, as well as  two other union officers, for intentional infliction of emotional distress and sexual harassment.  All of the defendants  were represented by the law firm of Simon and Oppenheimer (now, Simon, Oppenheimer and Ortiz - "the law firm");  the case eventually settled.

In 1996, Silva allegedly requested a reduction in work hours because he was afflicted with

---

[1]Motions to disqualify opposing counsel are among the nondispositive matters magistrate judges may decide pursuant to 28 U.S.C. Sec. 636(b)(1)(a).  *Hutchinson v. Pfeil,* 105 F.3d 562, 565 (10th Cir. 1997).

chronic hepatitis C, but the Union refused. He also claims that in 1997, he reported to the F.B.I. that

the Union had undertaken illegal actions, and that when the Union found out he had reported them,

they retaliated by firing him. He sued the Union for violating the  Americans with Disabilities Act and

for wrongful termination.  When he learned that the Union was being represented by the same law

firm that had represented him in the previous lawsuit, he moved this Court to disqualify the law firm.

In this district, a motion to disqualify counsel is governed by N.M.S.Ct.R. 16-109.  *See Cole*

*v. Ruidoso Municipal Schools et al.*, 43 F.3d 1373, 1383 (10th Cir. 1994). Pursuant to that rule, a

party seeking disqualification must establish that:

> (1) an actual attorney-client relationship existed between the moving party
>  and the opposing counsel;
> (2) the present litigation involves a matter that is "substantially related" to
>  the subject of the movant's prior representation; and
> (3) the interests of the opposing counsel's client are materially adverse to the
>  movant.

*Id.*

In the present case, Silva can establish the first and third elements of the *Cole* test. The law

firm did represent him, along with the Union, in the earlier sexual harassment case, and his interests

and the Union's interests in the present litigation are materially adverse.  However, the Union

contends that Silva cannot establish that the subject matter of the previous litigation was substantially

related to the subject matter of the present litigation.  To establish a substantial relationship between

the former and the present litigation, the movant must show that "the factual contexts of the two

representations are similar or related.  The underlying question is whether the lawyer was so involved

in the matter that the subsequent representation can be justly regarded as a changing of sides on the

matter in question." *Smith v. Whatcott,* 757 F.2d 1098, 1100 (10th Cir. 1985).

The facts in the present case do not meet this standard.  First, the factual contexts of the two representations in the present case are not related.  The former case involved how Silva treated another employee; the present case involves how the Union handled Silva's request for a reduced workload due to medical problems and his reporting allegedly illegal Union activities to the F.B.I.  Second, Silva does not contend that the law firm has previously taken the position that the Union discriminated against its employees.  Accordingly, there is no basis to conclude that its denying in this case that the Union discriminated against Silva constitutes a changing of sides on the matter in question. *Compare Ullrich v. Hearst Corp*., 809 F.Supp 229, 234 (S.D.N.Y. 1992) (Attorney who had previously represented Corporation in employment cases involving the issue of whether the Corporation followed termination and anti-discrimination policies 'changed sides' on that issue when he represented discharged employees who claimed such procedures were not followed.)  As Silva cannot meet the second prong of  the three-part disqualification test required by *Cole*, his Motion must be denied.

Silva contends that even if he cannot establish the substantial relationship element, the law firm's representing a client with interests directly adverse  to a former client creates an appearance of impropriety sufficient in itself   to compel disqualification.  The Tenth Circuit has not yet determined whether the mere appearance of impropriety is sufficient grounds to disqualify opposing counsel.  Even in a district where such claims  have  been considered, however, a court found no appearance of impropriety in a law firm's representing a Union in a lawsuit brought against it by a member it had previously represented, where, as here, the law firm always considered the Union as its primary client  and  represented Union members as individuals only when  the members' interests

coincided with the Union's interests.  *See e.g. Tisby v. Buffalo General Hospital et al.*, 157 F.R.D. 157, 165 (W.D.N.Y. 1994).   Thus, even were the Tenth Circuit to broaden the grounds for disqualification to include the appearance of impropriety, Silva's Motion would not be granted.

**NOW THEREFORE, IT IS ORDERED** that Plaintiff's Motion to Disqualify Opposing Counsel  **(docket entry # 5)** is **DENIED.**

 

 

 

_____
 **Leslie C. Smith**
 **United States Magistrate Judge**