IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

JEREMIAS SILVA,

    Plaintiff,

    vs.                                                            No. CIV 98-0579 JC/LCS (ACE)

AMERICAN FEDERATION OF STATE, COUNTY
AND MUNICIPAL EMPLOYEES, a national labor union,
LUIS ARELLANO and EVELINA MARQUEZ,

    Defendants.

## MEMORANDUM OPINION AND ORDER

THIS MATTER came on for consideration of Defendants' Motion to Dismiss, filed November 10, 1998 *(Doc. 24)*. The Court has reviewed the motion, the memoranda submitted by the parties, and the relevant authorities. The Court finds that Defendants' motion to dismiss is well taken in part and will be granted in part.

### Background

Plaintiff is a former union representative for Defendant American Federation of State, County, and Municipal Employees ("American"). Plaintiff claims Defendants discharged him for contacting law enforcement officers about incidents occurring at American. Plaintiff also claims Defendants assigned him to locations outside of New Mexico in violation of an agreement American had made. Plaintiff further claims that Defendants did not make reasonable accommodations for his physical limitations, in violation of the Americans with Disabilities Act ("ADA"). Plaintiff is a diabetic and suffers from chronic hepatitis.

## Analysis

Defendants make three arguments in their motion to dismiss. First, Defendants argue Plaintiff's ADA claim should be dismissed for failing to exhaust administrative remedies. Second, Defendants argue the ADA claim should be dismissed for not providing "support for the allegation that he is disabled for the purposes of the ADA or that Defendants regarded him as disabled in violation of the ADA." Defs.' Brief at 3. Third, Defendants argue Plaintiff's state law claims for breach of contract, intentional infliction of emotional distress and retaliatory discharge are preempted by § 301 of the Labor Management Relations Act ("LMRA").

In addition to the three arguments raised in Defendants' motion, Defendants make a fourth argument in their reply brief. Defendants argue Plaintiff's intentional infliction of emotional distress claim should be dismissed for failing to state a cause of action under New Mexico case law. Defendants argue Plaintiff's allegations, even at their best, are not indicative of conduct that is sufficiently extreme or outrageous. Since Plaintiff initially raised this issue in his response brief, and has adequately addressed the argument, I will also consider this argument. *See* Pl.'s Resp. at 5-6.

As to the ADA claim, Plaintiff's response includes several exhibits that indicate he did exhaust his administrative remedies. *See, e.g.,* Pl.'s Resp. at Ex. C (Right to Sue letter). Defendants belatedly acknowledge this fact, making Defendants' first argument moot. *See* Defs.' Reply at 3. As to Defendants' second argument on the ADA claim, I find that if you accept Plaintiff's well-pleaded factual allegations in a light most favorable to Plaintiff, Plaintiff narrowly states an ADA claim. *See* Complaint at 2-3. *See also Jojola v. Chavez*, 55 F.3d 488, 490 (10th Cir.1995) (highlighting 12(b)(6) standard). Plaintiff has alleged a doctor ordered him to "take certain precautions regarding nutrition, stress, and other physical concerns." Complaint at 2. Plaintiff also alleges that he notified Defendants

of these precautions and purportedly requested a reasonable accommodation. *See Id.* Although I think Plaintiff's claim is thin, he may be able to prove that the precautions "substantially limit" a major life activity. Defs.' Brief at 5. Consequently, Defendants' motion to dismiss Plaintiff's ADA claim will be denied.

Turning to Defendants' preemption argument, Defendants argue Plaintiff's breach of contract (Count II), retaliatory discharge (Count III), and intentional infliction of emotional distress (Count IV) claims are preempted by § 301 of the LMRA. Section 301 provides that:

> Suits for violation of contracts between an employer and a labor organization representing employees in an industry affecting commerce . . . may be brought in any district court of the United States having jurisdiction of the parties, without respect to the amount in controversy or without regard to the citizenship of the parties.

29 U.S.C. § 185(a). Under § 301, state law claims of an employee are preempted if the claims require an interpretation of a collective bargaining agreement ("CBA") between the employer and the employee's union. *See Lingle v. Norge Div. of Magic Chef, Inc.*, 486 U.S. 399, 405-06 (1988); *Mock v. T.G. & Y. Stores Co.*, 971 F.2d 522, 529 (10th Cir. 1992).

Defendants argue that each of Plaintiff's state law claims requires an interpretation of the CBA.[1] Plaintiff counters that his retaliatory discharge and emotional distress claims are free standing and do not require a reference to the CBA.[2] I agree with Plaintiff in this regard. Plaintiff's retaliatory discharge claim stems from his apparent reporting of alleged American illegality. *See* Complaint at 3-4. Similarly, Plaintiff's emotional distress claim is based on the retaliation for

---

[1] Plaintiff concedes that his breach of contract claim is preempted by § 301. *See* Pl.'s Resp. at 11.

[2] Contrary to Defendants' assertion, New Mexico does recognize a retaliatory discharge claim brought by an employee who reports alleged employer illegality to law enforcement personnel. *See Gutierrez v. Sundancer Indian Jewelry, Inc.*, 117 N.M. 47, 48 (Ct. App. 1993).

contacting law enforcement personnel and Defendants' alleged failure to comply with federal anti-discrimination law. *See* Complaint at 4. Neither of these claims relates to "the manner in which [American] conducted its investigation of suspected employee misconduct," or the way in which it terminated Plaintiff. *Mock*, 971 F.2d at 530. Plaintiff's claims do not "inevitably require an analysis of what the CBA permitted." *Id.*

Although Plaintiff's intentional infliction of emotional distress claim survives Defendants' preemption argument, I find that the claim is faulty on alternate grounds. Plaintiff's intentional infliction of emotional distress claim is faulty because the conduct is not extreme or outrageous. Under New Mexico law, a valid intentional infliction of emotional distress claim requires extreme and outrageous conduct that is "so outrageous in character, and so extreme in degree, as to go beyond all possible bounds of decency, and to be regarded as atrocious, and utterly intolerable in a civilized community." *Silverman v. Progressive Broadcasting, Inc.*, 125 N.M. 500, ___, 964 P.2d 61, 70 (*Phifer v. Herbert*, 115 N.M. 135, 139 (Ct.App.1993)). In this case, Plaintiff merely alleges that Defendants did not accommodate his alleged disabilities and retaliated against him for contacting law enforcement personnel. Thus, even if Plaintiff's allegations were entirely true, the conduct would not rise to the level of an actionable infliction of emotional distress claim. Consequently, Plaintiff's intentional infliction of emotional distress claim will be dismissed.

Wherefore,

IT IS HEREBY ORDERED that Defendants' Motion to Dismiss, filed November 10, 1998 *(Doc. 24)*, is **granted in part**. Plaintiff's breach of contract claim (Count II) and intentional infliction of emotional distress claim (Count IV) are dismissed.

DATED this 10th day of March, 1999.

_____
**CHIEF UNITED STATES DISTRICT JUDGE**


Counsel for Plaintiff:    Daniel M. Faber
                          Albuquerque, New Mexico


Counsel for Defendants:   Matthew E. Ortiz
                          Simon, Oppenheimer & Ortiz
                          Santa Fe, New Mexico