# IN THE UNITED STATES DISTRICT COURT

# FOR THE DISTRICT OF NEW MEXICO

JEREMIAS SILVA,

    Plaintiff,

vs.                                                                                  No. CIV 98-0579 JC/LCS (ACE)

AMERICAN FEDERATION OF STATE, COUNTY
AND MUNICIPAL EMPLOYEES, a national labor union,
LUIS ARELLANO and EVELINA MARQUEZ,

    Defendants.

## MEMORANDUM OPINION AND ORDER

**THIS MATTER** came on for consideration of Plaintiff's Motion for Partial Summary Judgment, filed May 17, 1999 *(Doc. 53)*, Defendants' Motion for Summary Judgment, filed May 17, 1999 *(Doc. 57)*, and Defendants' Renewed Motion for Summary Judgment, filed May 21, 1999 *(Doc. 69)*. The Court has reviewed the motions, the memoranda submitted by the parties, and the relevant authorities. The Court finds that Plaintiff's Motion for Partial Summary Judgment and Defendants' Motion for Summary Judgment are not well taken and will be **denied**. The Court further finds that Defendants' Renewed Motion for Summary Judgment was improperly filed and will be **stricken**.

## Analysis

On May 6, 1999, a pretrial conference was held in this case. At the conference, and upon Defendants' urging, I granted the parties an opportunity to submit last minute summary judgment motions. At that point, trial was less than three weeks away, and time was of the essence. Following

the conference, Plaintiff and Defendants agreed on a briefing schedule that met with my approval. The briefing schedule contemplated summary judgment motions from both sides and corresponding response briefs. There were to be no reply briefs.

Plaintiff and Defendants filed their summary judgment motions on May 17, 1999. Plaintiff then filed his response *(Doc. 67)* on May 21, 1999. Defendants filed a response titled "Defendants' Opposition to Plaintiff's Motion for Partial Summary Judgment and Renewed Motion for Summary Judgment on the Disability Claim" *(Doc. 69)* on May 21, 1999. Because Defendants' "Renewed Motion" was not contemplated or authorized, I will strike those portions of the response brief. Pages four through seven of Defendants' Opposition to Plaintiff's Motion for Partial Summary Judgment and Renewed Motion for Summary Judgment on the Disability Claim will be stricken.

Turning to the summary judgment arguments properly before the Court, Plaintiff argues that he has met his burden of proving discrimination and that Defendants have failed to present adequate rebuttal evidence. Defendants counter that Plaintiff cannot establish that he is able to perform the essential functions of a union organizer. *See* Defs.' Br. at 13 *(Doc. 58)*. I find that genuine issues of material fact preclude the granting of either summary judgment motion.

To establish an ADA claim, Plaintiff must show that: (1) he has a disability as defined under the ADA; (2) he is able to perform the essential functions of the job of union organizer, with or without a reasonable accommodation; and (3) that Defendants discriminated against him because of the disability. *See Pack v. Kmart Corp.*, 166 F.3d 1300, 1304 (10th Cir. 1999). "The ADA defines a disability as (A) a physical or mental impairment that substantially limits one or more of the major life activities of such individual; (B) a record of such an impairment; or (C) being regarded as having such an impairment." *Id.* (citing 42 U.S.C. § 12102(2)) (internal quotations omitted). To determine

whether a plaintiff is substantially limited in his ability to perform a major life activity, "three factors are to be considered: (1) the nature and severity of the impairment; (2) the duration or expected duration of the impairment; and (3) the permanent long term impact, or the expected permanent or long term impact of" the impairment. *Id.*

In this case, Plaintiff has identified work as the major life activity that is substantially limited by his diabetes and hepatis C. *See* Pl.'s Br. *(Doc. 54)* at 5. Plaintiff points to two conditions that he claims "substantially limit" his ability to work: (1) not being able to work more than a forty-hour work week; and (2) not being able to travel extensively. *Id.* at 7-8. Because these conditions alone may not substantially limit Plaintiff's ability to work, I will deny Plaintiff's motion.

I will also deny Defendants' Motion for Summary Judgment on the ADA claim. Defendants' motion assumes that "Mr. Silva has a disability within the meaning of the ADA." Defs.' Br. *(Doc. 58)* at 13. Defendants' brief focuses on the second element of the ADA claim--whether Mr. Silva was qualified, "i.e., able to perform the essential functions of the job, with or without reasonable accommodation." *Pack*, 166 F.3d at 1304. I find that there is a genuine issue as to whether Mr. Silva was qualified.[1] *See* Pl.'s Resp. Br. *(Doc. 67),* Ex. L.

Defendants also move for summary judgment on Plaintiff's retaliatory discharge claim. Defendants argue that Plaintiff cannot recover in tort because he was a contractual employee instead of an at-will employee. I find that this argument was rejected in *Gandy v. Wal-Mart Stores, Inc.*, 117 N.M. 441, 444 (1994). Consequently, Defendants' Motion for Summary Judgment on Plaintiff's retaliatory discharge claim will be denied.

---

[1] This finding is also an alternate ground for denying Plaintiff's motion for summary judgment.

Wherefore,

IT IS HEREBY ORDERED that Plaintiff's Motion for Partial Summary Judgment filed May 17, 1999 *(Doc. 53)*, and Defendants' Motion for Summary Judgment, filed May 17, 1999 *(Doc. 57)*, are **denied**.

IT IS FURTHER ORDERED that pages four through seven of Defendants' Opposition to Plaintiff's Motion for Partial Summary Judgment and Renewed Motion for Summary Judgment on the Disability Claim, filed May 21, 1999 *(Doc. 69)* are **stricken**.

DATED this 10th day of June, 1999.

                                            */s/ John Edwards Conway*
                                      **CHIEF UNITED STATES DISTRICT JUDGE**

| | |
|---|---|
| Counsel for Plaintiff: | Daniel M. Faber |
| | Albuquerque, New Mexico |
| Counsel for Defendants: | W. Gary Kohlman |
| | Alice O'Brien |
| | Leon Dayan |
| | Bredhoff & Kaiser, P.L.L.C. |
| | Washington, D.C. |
| | |
| | Matthew E. Ortiz |
| | Simon, Oppenheimer & Ortiz |
| | Santa Fe, New Mexico |